UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01525-MWC-RAO                                          Date: April 7, 2026

Title:  Andres Doroteo Garcia v. Fereti Semaia *et al.*

Present:  The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:
N/A

Attorneys Present for Defendants:
N/A

**Proceedings:  (IN CHAMBERS) ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. [6])**

Before the Court is Petitioner Andres Doroteo Garcia's ("Petitioner") *ex parte* application ("Application") seeking a temporary restraining order ("TRO") mandating Respondents[1] to release him from custody, enjoining Respondents from re-detaining Petitioner, and prohibiting Respondents from transferring Petitioner outside of the District during the pendency of his habeas proceedings. *See* Dkt. # 6 ("*App.*").  Respondents filed a "Response" arguing that Petitioner is entitled to only a post-deprivation bond hearing rather than immediate release.

The Court issued a standing order on April 2, 2026, enjoining Petitioner's removal from the District pending further orders from the Court and setting a briefing schedule on Petitioner's Application.  *See* Dkt. # 7.

For the reasons set forth below, the Court **GRANTS** the Application.

---

[1] The Application lists Respondents as: Fereti Semaia (Warden of the GEO Group Adelanto Immigration and Customs Enforcement ("ICE") Processing Center); David Marin (Director of the Los Angeles ICE Field Office); Kristi Noem (Secretary of the Department of Homeland Security ("DHS")); and Pam Bondi (Attorney General of the United States).  The Court understands that Secretary Markwayne Mullin has now replaced Secretary Noem and that Acting Attorney General Todd Blanche has now replaced Attorney General Bondi.

---

CV-90 (03/15)                          Civil Minutes – General                          Page **1** of **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01525-MWC-RAO                                    Date: April 7, 2026

Title:     Andres Doroteo Garcia v. Fereti Semaia *et al.*


I.    Background

Petitioner is a 50-year-old Mexican national who has lived and worked in the United States for more than three decades. *See App.* ¶ 5.  He entered the country in 1992 and has remained in the United States since. *See id.*  Petitioner has no criminal history and has worked in the tile and stone industry for more than three decades, ultimately founding his own construction company. *See id.* ¶ 6.  He is married and closely involved with his adult children and spouse. *See id.*

On the morning of March 10, 2026, Petitioner was going to work when three unidentified vehicles stopped him without an apparent reason. *See id.* ¶ 7.  The unidentified immigration officers asked Petitioner for his name and ordered him to get out of his vehicle to effectuate his arrest. *See id.*  The premise of his arrest was that "he had a court order about a [d]omestic [v]iolence case." *See id.*  Immigration officers never showed him the court order, and Petitioner has no criminal history. *See id.*

Immigration officers placed Petitioner in the Adelanto Detention Center. *See id.* ¶ 8.  Because he is in detention, Petitioner has been unable to receive medical treatment or physical therapy to help him recover from a recent knee surgery. *See id.*

DHS later issued a Notice to Appear, placing Petitioner in removal proceedings and "charging him as an individual present without admission or parole." *See id.* ¶ 9.  Petitioner must appear in Immigration Court on April 28, 2026. *See id.*

II.   Legal Standard

A.    *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)).  "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  5:26-cv-01525-MWC-RAO                              Date: April 7, 2026

Title:      Andres Doroteo Garcia v. Fereti Semaia *et al.*


1995).  A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  *Id.* at 492.  "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have."  *Id.* at 493 (internal quotation marks omitted).

### B.      Temporary Restraining Orders

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders.  Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety.  *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  In general, the showing required for a TRO and a preliminary injunction are the same.  *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  The applicant for a TRO must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024).  "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'"  *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)).  Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge."  *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

## III.   Discussion

### A.      *Ex Parte* Application and *Mission Power* Factors

Petitioner has satisfied the *Mission Power* factors.  Petitioner has been in custody since March 10, 2026, despite having no criminal history.  If the Court heard the Application according to regularly noticed motion procedures, that would leave Petitioner detained without access to the requisite due process for at least an additional 28 days.  Though Petitioner could have sought the TRO sooner, the fact that he provided ICE time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01525-MWC-RAO                          Date: April 7, 2026

Title:      Andres Doroteo Garcia v. Fereti Semaia *et al.*

to give him some additional due process cannot cut against him.  However, after weeks in continued detention without the requisite process, *ex parte* relief is warranted.

      **B.**      <u>Likelihood of Success on the Merits</u>

Petitioner has demonstrated a likelihood of success on the merits of his request for release from detention.  He argues that immigration authorities deprived him of the procedural protections that the Due Process Clause of the Constitution requires.  *See App.* at 11–18.  "Given that due process interests are at stake, we look to the test outlined in" *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160 (9th Cir. 2004).  There, the Supreme Court discussed the need to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

Regarding the first factor, Petitioner has a reliance interest on the "implied promise" that immigration authorities would not revoke his liberty, and that reliance was justifiable given that he has remained in the country without incident for three decades.  *Cf. Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025).  Petitioner's detention also impedes his ability to maintain gainful employment and contribute to his household as the primary source of income.  Accordingly, Petitioner's private interest in remaining free from detention is significant.

As to the second *Mathews* factor, Petitioner notes that he received no pre-deprivation process of any kind.  *See App.* at 14–15.  "The absence of pre-deprivation procedures creates a high risk of erroneous liberty deprivation."  *Gomez Romero v. Wamsley*, No. C25-2207-JHC-MLP, 2025 WL 3628633, at *1 (W.D. Wash. Dec. 8, 2025).  For that reason, the second *Mathews* factor counsels in favor of Petitioner's release.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  5:26-cv-01525-MWC-RAO                              Date: April 7, 2026

Title:      Andres Doroteo Garcia v. Fereti Semaia *et al.*


Still, the Court must consider the government's interests.  Though the government has an interest in the steady enforcement of its immigration laws, the government's interest in detaining Petitioner without any procedural protections is slight.  *See Pineda v. Chestnut*, No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)).  Moreover, custody hearings for immigration detention are routine and impose a "minimal" cost on the government.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).  Thus, the third *Mathews* factor counsels in favor of granting Petitioner's release from detention.

Respondents contest Petitioner's request for release from detention by arguing that he should receive only a bond hearing under 8 U.S.C. § 1226(a).  What Respondents fail to address, however, is that a bond hearing constitutes post-deprivation relief, which has no bearing on whether Respondents provided the requisite pre-deprivation process.  *See Lucena-Ojeda v. Noem*, No. 2:26-cv-00085-BAT, 2026 WL 279353, at *2 (W.D. Wash. Feb. 3, 2026) ("The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty." (citing *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323–24 (W.D. Wash. 2025))).  Accordingly, Petitioner's entitlement to a post-deprivation bond hearing does not displace his entitlement to pre-deprivation procedural protections.

The Court must heed the language in *Mathews* that "[a] claim to a predeprivation hearing as a matter of constitutional right rests on the proposition that full relief cannot be obtained at a postdeprivation hearing."  *See* 424 U.S. at 331.  Given the severe delay that comes with the receipt of post-deprivation bond hearings, and since the Ninth Circuit has recognized the "irreparable harms imposed on anyone subject to immigration detention," including "subpar medical and psychiatric care in ICE detention facilities," *see Hernandez v. Sessions*, 872 F.3d 976, 995 (2017), a post-deprivation bond hearing cannot undo those harms.  And time in detention causes people to lose jobs that they may not be able to recover.  The argument that a post-deprivation hearing would provide full relief assumes that one can recover everything that comes with being free from detention for several weeks, a dubious proposition.

For these reasons, Petitioner has shown a likelihood of success on the merits of his request for immediate release from detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  5:26-cv-01525-MWC-RAO                          Date: April 7, 2026

Title:     Andres Doroteo Garcia v. Fereti Semaia *et al.*


### C.      Irreparable Harm

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'" *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025) (quoting *Hernandez*, 872 F.3d at 999).  Since denying Petitioner's Application would continue to deprive him of liberty without due process and subject him to the subpar conditions of ICE detention, this factor weighs in favor of granting Petitioner's release from detention.

### D.      Balance of Equities and Public Interest

As detailed above, the last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).  As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws.  *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018).  Still, the balance of equities and the public interest factors tip in favor of Petitioner because he is challenging Respondents' violation of federal law.  *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Esmail v. Noem*, No. 2:25-cv-08325-WLH-RAO, 2025 WL 3030590, at *9 (C.D. Cal. Sept. 12, 2025); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and considering the other factors that the Court has already examined, Petitioner is entitled to immediate release from detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  5:26-cv-01525-MWC-RAO                    Date: April 7, 2026

Title:    Andres Doroteo Garcia v. Fereti Semaia *et al.*


IV.    Bond Requirement

Rule 65 notes that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'"  *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original)).  "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Id.* (cleaned up).  "That is, the mandatory language of Rule 65(c) does not 'absolve[] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond.'"  *Vaskanyan v. Janecka*, No. 5:25-cv-01475-MRA-AS, 2025 WL 2014208, at *8 (C.D. Cal. June 25, 2025) (quoting *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003)).

Since the Court is ordering Respondents to follow the governing law, bond is unnecessary.  *See Swan v. Tanjuakio*, No. 21-00052 JMS-KJM, 2021 WL 1794756, at *8 (D. Haw. May 5, 2021) ("The court is simply requiring [defendant] to follow the law.  No bond is required." (footnote omitted)); *Hassanzadeh v. Warden*, No. ED CV 25-2113-DMG (MAAx), 2025 WL 3306272, at *6 (C.D. Cal. Nov. 25, 2025) (ruling that bond was unnecessary where the court ordered respondents to release immigration detainee from custody and follow the governing law).

V.    Conclusion

For the foregoing reasons, the Court **GRANTS** the Application and **ORDERS** as follows:

1. Respondents must release Petitioner immediately.
2. When releasing Petitioner, Respondents must return any property seized from him in the course of his arrest and detention.
3. Respondents are enjoined from re-detaining Petitioner without providing notice and a pre-deprivation hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01525-MWC-RAO                               Date: April 7, 2026

Title:     Andres Doroteo Garcia v. Fereti Semaia *et al.*

4.  Respondents are enjoined from transferring Petitioner outside of the Central District of California pending final resolution of his case.

The Court further **ORDERS** Respondents to show cause, in writing, no later than 7 days after this Order as to why a preliminary injunction should not issue.  Petitioner may file a response no later than 7 days after Respondents' filing.

**IT IS SO ORDERED.**

|  | : |
| --- | --- |
| **Initials of Preparer** | TJ |